```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TUAN LE,

                Plaintiff,              MEMORANDUM & ORDER
                                        07-CV-86 (JS)(MLO)
        -against-

SITA INFORMATION NETWORKING
COMPUTING USA, INC.,

                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Robert P. O'Brien, Esq.
                   Paul Fellin, Esq.
                   Mahon, Mahon, Kerins & O'Brien, LLC
                   254 Nassau Boulevard
                   Garden City South, NY 11530

For Defendant:     Eve Irene Klein, Esq.
                   Duane Morris LLP
                   1540 Broadway
                   New York, NY 10036-4089

                   Annette A. Idalski, Esq.
                   Duane Morris LLP
                   1180 West Peachtree Street
                   Suite 700
                   Atlanta, GA 30309
```

SEYBERT, District Judge:

      The Court is in receipt of a proposed settlement filed by Plaintiff, Tuan Le, and Defendant, SITA Information Networking Computing USA, Inc. attempting to settle the parties dispute under the Fair Labor Standard Act ("FLSA").

      The FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would coerce employees into settlement and waiver. <u>Manning v. New York Univ.</u>, No. 98-CV-3300, 2001 U.S. Dist. LEXIS 12697, at *35 (S.D.N.Y. Aug.

21, 2001). Accordingly, the FLSA expressly "prohibits settlement of any right to unpaid minimum wage or unpaid overtime claims by employees . . . without the supervision of the Secretary of Labor." Simel v. JP Morgan Chase, No. 05-CV-9750, 2007 U.S. Dist. LEXIS 18693, at *11 (S.D.N.Y. March 19, 2007); see also 29 U.S.C. § 216(c). However, in the absence of supervision by the Secretary of Labor, federal courts have recognized, and the Supreme Court has allowed, an employee to waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement. See D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8, 66 S. Ct. 925, 90 L. Ed. 1114 (1946); Simel, 2007 U.S. Dist. LEXIS 18693, at *11, Sampaio v. Boulder Rock Creek Developers, Inc., No. 07-CV-153, 2007 U.S. Dist. LEXIS 66013, at *3 (E.D.N.Y. Sept. 6, 2007).

In considering a FLSA settlement submitted for approval, courts must consider whether the agreement reflects a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982); see also Sampaio, 2007 U.S. Dist. LEXIS 66013 (reviewing FLSA settlement agreement to ensure reasonableness).

In this case, the Court does not have enough information before it to determine whether there is a bonafide dispute over coverage and whether the settlement agreement represents a fair and reasonable resolution of these disputes. Although Defendant states that Plaintiff is unsure whether he will meet his burden under the

FLSA, that statement alone is not enough for the Court to find that there is actually a dispute over coverage. See e.g., Sampaio, 2007 U.S. Dist. LEXIS 66013 (approving settlement agreement where plaintiff asserted that settlement was reasonable in light of several factors, including that there was "little to no documentation of the hours that plaintiff worked each week, the parties differ[ed] widely as to the number of hours that plaintiff actually worked, and the respective burdens the parties face[d] with respect to their claims and defenses."). It is unclear from the documents submitted what the nature of the parties dispute is over Plaintiff's coverage under the FLSA, and how the proposed settlement amount represents a fair resolution of the dispute. It is also unclear from the settlement agreement the amount that is payable to Plaintiff and the amount designated as attorneys' fees. The parties are directed to submit an affidavit(s) within thirty (30) days of the date of this Order clarifying these issue so that the Court may properly address the fairness of the proposed settlement.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March 13, 2008