```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TUAN LE,
                Plaintiff,               MEMORANDUM & ORDER
                                         07-CV-0086 (JS)(MLO)
        -against-

SITA INFORMATION NETWORKING
COMPUTING USA, INC.,
                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Robert P. O'Brien, Esq.
                  Paul Fellin, Esq.
                  Mahon, Mahon, Kerins & O'Brien, LLC
                  254 Nassau Boulevard
                  Garden City South, NY 11530

For Defendant:    Eve Irene Klein, Esq.
                  Duane Morris LLP
                  1540 Broadway
                  New York, NY 10036-4089

                  Annette A. Idalski, Esq.
                  Duane Morris LLP
                  1180 West Peachtree Street
                  Suite 700
                  Atlanta, GA 30309
```

SEYBERT, District Judge:

Presently pending before the Court is a request for judicial approval of a proposed agreement settling a Fair Labor Standards Act ("FLSA") dispute between Plaintiff, Tuan Le, and Defendant, SITA Information Networking Computing USA, Inc.

The FLSA expressly "prohibits settlement of any right to unpaid minimum wage or unpaid overtime claims by employees . . . without the supervision of the Secretary of Labor." Simel v. JP Morgan Chase, No. 05-CV-9750, 2007 U.S. Dist. LEXIS 18693, at *11 (S.D.N.Y. March 19, 2007); see also 29 U.S.C. § 216(c). In the

absence of supervision by the Secretary of Labor, federal courts have allowed employees to waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement. See D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8, 66 S. Ct. 925, 90 L. Ed. 1114 (1946); Sampaio v. Boulder Rock Creek Developers, Inc., No. 07-CV-153, 2007 U.S. Dist. LEXIS 66013, at *3 (E.D.N.Y. Sept. 6, 2007).

In considering an FLSA settlement submitted for approval, courts must consider whether the agreement reflects a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982); see also Sampaio, 2007 U.S. Dist. LEXIS 66013 (reviewing FLSA settlement agreement to ensure reasonableness).

Based upon the Court's review of the Settlement and the Affirmation of Robert P. O'Brien in support of the settlement, the Court finds that the settlement agreement represents a fair and reasonable resolution of a disputed issue.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         June 12, 2008